UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHAWN MURPHY,

                        Plaintiff,

v.                                      Case No. 16-cv-1462-pp

NICOLE KAMPHUIS, JAMES MUENCHOW,
CARLA HARTMAN, BRIAN FOSTER,
STEVEN SCHMIDT, KRISTINA DEBLANC,
and WISCONSIN DEPARTMENT OF CORRECTIONS,

                        Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR STATUS OF LETTER AND DENYING REQUST FOR RELIEF SOUGHT IN LETTER, DENYING PLAINTIFF'S MOTION FOR COURT ORDER FOR LEGAL LOAN, AND DENYING PLAINTIFF'S MOTION FOR ACCOMMODATIONS (DKT. NO. 31)**

---

      The plaintiff, Shawn Murphy, is a Wisconsin state prisoner representing himself. The plaintiff filed an amended complaint, alleging that the defendants violated his rights under the Americans with Disabilities Act and the Rehabilitation Act, and that they denied him access to the courts. Dkt No. 21. On June 11, 2018, the court issued an order screening the amended complaint and directing the defendants to answer. Dkt. No. 30. In that order, the court also denied as moot the plaintiff's motion for extension of time, denied as moot his motion for leave to proceed without prepayment of the filing fee, denied without prejudice his motion to appoint counsel, denied his motion to use his release account for copies and granted his motion for status of case. Id. A week after the court issued that order, the court received from the plaintiff a motion

asking about the status of a letter that the court received from him on April 30, 2018. Dkt. No. 31 at 1-2. The plaintiff's motion also asked the court to order Waupun Correctional Institution (Waupun) to give him a legal loan, and to order Waupun to accommodate his disabilities. Id. at 2-9.

First, the plaintiff asked about the status of a letter the court received from him on April 30, 2018 (entered on the docket on May 1, 2018) regarding his treatment at Waupun. Id. at 1-2. In that letter, dkt. no. 28, the plaintiff describes how staff at Waupun strip searched him, handcuffed him, and placed him in a restraint chair for six hours on March 13-14, 2018. Dkt. No. 28 at 1-2. The plaintiff states that he did not do anything to deserve this treatment and that he believes he was being punished for litigating this case. Id. at 2. The plaintiff states that he requested the "video feed" from the six hours he spent in the restraint chair, but that staff denied him access to it. Id. at 3. He wants to appeal the denial but does not have postage to make copies and mail an appeal. Id. The letter asks the court to help him preserve the video documentation of his six-hour ordeal in restraints. Id. at 4. He states that he has only thirty days or the video will be destroyed. Id.

To the extent that the plaintiff has asked the court about the status of his letter, the court will grant his motion for a status report. But the court will deny the relief he requested in the letter. The plaintiff alleges that he was held in the restraint chair on March 13-14, 2018. Those allegations occurred after the facts that the plaintiff raised in his complaint; they occurred while this case has been pending. The plaintiff does not allege that any of the defendants in

2

this case had anything to do with those events. The court will not order Waupun staff to preserve any video feed from the incident (and, based on the plaintiff's letter, it appears that the video feed may have been destroyed by now).

Second, the plaintiff asks the court to order Waupun to give him a legal loan under DAI Policy and Procedure 309.51.01, so that he can pay for copies of his health record from the Health Services Unit and Psychological Services Unit; he plans to use those copies in this case. Dkt. No. 31 at 2. The plaintiff states that he needs a court order, presumably to get the legal loan. Id. The court will not issue such an order at this time. As the court told the parties in its order screening the amended complaint, the parties are not allowed to begin discovery—collecting documents and information from each other—until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions. Dkt. No. 30 at 14. Once the defendants have answered the amended complaint, the court will issue a scheduling order. At that time, the parties may start discovery (where one party asks for information or documents from the other party), and the plaintiff may ask the defendants for documents if he cannot get them on his own. If he cannot get them from the defendants, he may file a motion to compel discovery and/or he may file a motion asking the court to order that he be provided with the documents.

Third, the plaintiff requests accommodations because he is a "qualified individual with a disability." Dkt. No. 31 at 3. The plaintiff goes on to describe his disabilities (bipolar, learning disorder, post-traumatic stress disorder, and

borderline personality disorder), and states that he would like accommodations for his disabilities. Id. at 3-9. Specifically, he states that he would like to file documents "by way of video-voice link to insure that best communication I can get with the courts." Id. at 9. The plaintiff states that "these long written motions beat [him] down bad" and cause flashbacks. Id. The court notes, however, that the very question of whether he has a disability is an issue in this case. The plaintiff has not yet proven that he has a disability; it is not appropriate for the court to order accommodations now. If and when the plaintiff proves that he has a disability, the court will consider whether to provide accommodations, and what those accommodations should be.

The court **GRANTS** the plaintiff's motion for status of letter and denies request for relief sought in letter, **DENIES** the plaintiff's request for court order for legal loan, and **DENIES** the plaintiff's motion for accommodations. Dkt. No. 31.

Dated in Milwaukee, Wisconsin this 11th day of July, 2018.

          **BY THE COURT:**

          _____
          **HON. PAMELA PEPPER**
          **United States District Judge**