UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHAWN MURPHY,

                Plaintiff,

v.                                                  Case No. 16-cv-1462-pp

NICOLE KAMPHUIS, JAMES MUENCHOW,
CARLA HARTMAN, BRIAN FOSTER,
STEVEN SCHMIDT, KRISTINA DEBLANC AND
WISCONSIN DEPARTMENT OF CORRECTIONS,

                Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION FOR ORDER FOR LEGAL LOAN, TO PRESERVE VIDEO FEED AND TO MAKE SURE INMATES HAVE ACCESS TO LEGAL LIBRARY (DKT. NO. 36), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 38), DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 39), DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO APPOINT COUNSEL (DKT. NO. 42), AND GRANTING PLAINTIFF'S MOTION TO FILE SUMMARY JUDGMENT AND FOR DISCOVERY TO START (DKT. NO. 43)**

---

Plaintiff Shawn Murphy is a state prisoner representing himself. He filed an amended complaint, alleging that the defendants violated his rights under the Americans with Disabilities Act and the Rehabilitation Act, and that they denied him access to the courts. Dkt. No. 21.

On June 11, 2018, the court issued an order screening the amended complaint, permitting him to procced on the following claims: (1) that defendants Muenchow, Kamphuis and Foster repeatedly failed to make reasonable accommodations for his disabilities, resulting in a lack of meaningful access to the courts; (2) that defendants Schmidt and DeBlanc

1

failed to contact the ADA Coordinator to get the plaintiff help for his disability; and (3) that defendants Kamphuis, Muenchow and Hartman denied him access to the courts when they denied his requests for accommodations and denied his request for legal loan, resulting in the inability to petition the Wisconsin Supreme Court regarding his criminal case. Dkt. No. 30 at 8-9. Since then, the plaintiff has filed several motions.

## II. Plaintiff's Motions to Appoint Counsel (Dkt. Nos. 38, 42)

The plaintiff has filed two motions to appoint counsel. Dkt. Nos. 38, 42. In the first motion, the plaintiff states that he was born with severe limitations in that the language center of his brain did not develop properly. Dkt. No. 38 at 1. He describes some of the challenges this limitation has caused him over the years, id. at 1-4, describes accommodations that would help him, id. at 4-5, and contends that the defendants' failure to recognize and accommodate his disability violates his rights, id. at 7-10. In the plaintiff's second motion to appoint counsel, he states that he cannot afford an attorney, that his limitations will greatly limit his ability to litigate, and that the issues involved in this case are complex and will require significant research and investigation. Dkt. No. 42 at 1. He again contends that that the defendants have failed to recognize and accommodate his disability. Id. at 4. The plaintiff does state that Waupun's ADA Coordinator Aimee Wilson approved an ADA accommodation for him on September 12, 2018, in the form of extra law library time, but he says that the accommodation was not workable because it did not provide him with enough time to do his work. Id. at 6-8.

2

In a civil case, the court has the discretion to recruit counsel for individuals unable to afford one. Navejar v. Iyola, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); Ray v. Wexford Health Sources, Inc., 706 F.3d 864, 866-67 (7th Cir. 2013). First, however, the plaintiff must make reasonable efforts to hire counsel on his own. Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). Generally, to show the court that he has tried to find a lawyer on his own, the court requires a plaintiff to contact at least three attorneys, and to provide the court with (1) the attorneys' names, (2) their addresses, (3) the date and the way the plaintiff attempted to contact them, and (4) the attorneys' responses.

After the plaintiff demonstrates that he has made a reasonable attempt to find an attorney on his own, the court will decide "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." Navejar, 718 F.3d at 696 (citing Pruitt, 503 F.3d at 655). The court looks, not only at a plaintiff's ability to try his case, but also at his ability to perform other "tasks that normally attend litigation," such as "evidence gathering" and "preparing and responding to motions." Id. "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyering willing and able to volunteer for these cases.'" Henderson v. Ghosh, 755 F.3d 559, 564 (7th Cir. 2014) (quoting Olson v. Morgan, 750 F.3d 708, 711 (7th Cir. 2014)).

Previously, the court determined that the plaintiff had made a reasonable attempt to find an attorney on his own by contacting fifteen attorneys. Dkt. No. 15 at 12. In its June 11, 2018 order, however, the court denied without prejudice the plaintiff's motion to appoint counsel, stating that

> [b]ased on the plaintiff's filings, the court still finds that the plaintiff is able to proceed on his own at this stage. The plaintiff has filed an amended complaint, as directed by the court. He also has filed several other motions and supporting documents. Based on these filings, the court finds that the plaintiff has a good grasp of the facts of his case, and that he has the ability to present his claims to the court.
>
> The court understands that the plaintiff says he has a severe learning disability, which makes it difficult for him to litigate. Despite this disability, however, the plaintiff has demonstrated the ability to present his arguments and claims understandably. The court will deny without prejudice the plaintiff's most recent motion to appoint counsel.

Dkt. No. 31 at 12-13.

Since the court's June 11, 2018 order, the plaintiff has filed several motions and other documents which demonstrate that he can proceed on his own despite his alleged limitations. He continues to demonstrate the ability to advocate for himself and, as stated below, has asked the court if he can proceed to conduct discovery and file a motion for summary judgment. See Dkt. No. 43. Given this, the court will deny without prejudice the plaintiff's motions to appoint counsel.

**II.     Plaintiff's Motion for Order for Legal Loan, to Preserve Video Feed and to Make Sure Inmates Have Access to Legal Library (Dkt. No. 36)**

The plaintiff has asked the court to issue an order requiring the institution to allow him to use an institution legal loan so that he can make

4

copies of his health records. Dkt. No. 36 at 1. He also asks the court to help him preserve video feed of staff harming him from "seg control cell A201." Id. at 2. This appears to be the same request to preserve video feed that the plaintiff made previously, and that the court denied on July 11, 2018. See Dkt. No. 35 at 2-3. The plaintiff has not offered any reason for the court to reconsider its prior order denying his request. Therefore, the court will deny the motion for the reasons it explained in that order.

Regarding a legal loan, the court's July 11, 2018 order addressed that request, too, stating that

> [t]he court will not issue such an order at this time. As the court told the parties in its order screening the amended complaint, the parties are not allowed to begin discovery—collecting documents and information from each other—until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions. Dkt. No. 30 at 14. Once the defendants have answered the amended complaint, the court will issue a scheduling order. At that time, the parties may start discovery (where one party asks for information or documents from the other party), and the plaintiff may ask the defendants for documents if he cannot get them on his own. If he cannot get them from the defendants, he may file a motion to compel discovery and/or he may file a motion asking the court to order that he be provided with the documents.

Dkt. No. 35 at 3.

The defendants have answered the amended complaint. Dkt. No. 37. The court will issue a scheduling order at the same time it enters this order, which will allow the parties to begin exchanging discovery. For the reasons it explained in its prior order, the court will deny the plaintiff's request for a legal loan.

5

### III. Plaintiff's Motion for Extension of Time (Dkt. No. 39)

The plaintiff has filed a motion for extension of time to file an opposition to the defendants' answer (in which they state that the court should dismiss the amended complaint). Dkt. No. 39. The rules do not allow a plaintiff to "respond" to a defendant's answer to a complaint. The next step in the litigation is for the parties to exchange discovery. The court will deny the plaintiff's request for an extension of time as unnecessary.

### IV. Plaintiff's Motion to File Summary Judgment and for Discovery to Start (Dkt. No. 43)

The plaintiff has filed a request to start discovery so that he can file a motion for summary judgment. Dkt. No. 43. As it noted above, the court is issuing a scheduling order at the same time it enters this order. The scheduling order will set deadlines for the completion of discovery and a deadline for filing dispositive motions. The court will grant the plaintiff's motion.

### V. Conclusion

The court **DENIES** the plaintiff's motion for order for a legal loan, to preserve video feed and to make sure inmates have access to legal library. Dkt. No. 36.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 38.

The court **DENIES AS UNNECESSARY** the plaintiff's motion for extension of time. Dkt. No. 39.

The court **DENIES WITHOUT PREJUDICE** the plaintiff's motion to appoint counsel. Dkt. No. 42.

The court **GRANTS** the plaintiff's motion to file summary judgment and for discovery to start. Dkt. No. 43.

Dated in Milwaukee, Wisconsin this 17th day of December, 2018.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**