UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAWN MURPHY,

                Plaintiff,

v.                                         Case No. 16-cv-1462-pp

NICOLE KAMPHUIS, JAMES MUENCHOW,
CARLA HARTMAN, BRIAN FOSTER,
STEVEN SCHMIDT, KRISTINA DEBLANC, and
WISCONSIN DEPARTMENT OF CORRECTIONS,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR MISCELLANEOUS RELIEF (DKT. NO. 44) AND DENYING PLAINTIFF'S MOTION FOR RELIEF TO OVERCOME MENTAL IMPAIRMENT (DKT. NO. 47)**

      Plaintiff Shawn Murphy is a state prisoner representing himself. He filed an amended complaint, alleging that the defendants violated his rights under the Americans with Disabilities Act and the Rehabilitation Act, and that they denied him access to the courts. Dkt. No. 21.

      On June 11, 2018, the court issued an order screening the amended complaint, permitting him to procced on the following claims: (1) that defendants Muenchow, Kamphuis and Foster repeatedly failed to make reasonable accommodations for his disabilities, resulting in a lack of meaningful access to the courts; (2) that defendants Schmidt and DeBlanc failed to contact the ADA Coordinator to get the plaintiff help for his disability; and (3) that defendants Kamphuis, Muenchow and Hartman denied him access to the courts when they denied his requests for accommodations and denied

1

his request for legal loan, resulting in the inability to petition the Wisconsin Supreme Court regarding his criminal case. Dkt. No. 30 at 8-9.

The plaintiff has filed a "motion for relief wanted case # 16-cv-1462." Dkt. No. 44 at 1. His nineteen-page motion reiterates his allegations that the defendants have failed to accommodate his disabilities. The plaintiff also states that he seeks relief based on the defendants' actions and his motion requests specific relief for the alleged violation of his rights.

The plaintiff also filed a "a motion for relief to overcome his mental impairments." Dkt. No. 47. Similar to the previous motion, this motion reiterates the plaintiff's allegations, claims that the defendants have failed to accommodate his disabilities, and seeks relief.

In these motions, the plaintiff asks for the very same things that he asked for in his amended complaint. He asks for accommodations for his disabilities, and for damages. The plaintiff has not yet proven that he has a disability, and he has not yet proven that the defendants refused to accommodate his disabilities or denied him access to the courts. To prove those things, he must follow a legal process—the same process that every person who files a lawsuit in federal court must follow. First, he must ask the defendants to provide him with information about his case. This is called discovery. The court has issued an order, requiring the parties to exchange all of their discovery by April 19, 2019. Dkt. No. 46. Next, the plaintiff must decide whether he wants to file a motion for summary judgment; he also must respond to any motion for summary judgment that the defendants might file.

The deadline for filing summary judgment motions is May 19, 2019. Id. If the court allows the plaintiff's claims to proceed beyond summary judgment, he then will have the chance to prove that he has disabilities and that the defendants deliberately failed to accommodate them.

It is not appropriate legal procedure for the plaintiff to keep filing motions, asking for the very same relief that the plaintiff has asked for in the lawsuit. The court will not declare him the "winner" of the lawsuit unless and until he has gone through the proper legal process and proven his case.

The court **DENIES** the plaintiff's motion for miscellaneous relief. Dkt. No. 44.

The court **DENIES** the plaintiff's motion to overcome mental impairment. Dkt. No. 47

Dated in Milwaukee, Wisconsin this 18th day of January, 2019.

                                         **BY THE COURT:**

                                         **HON. PAMELA PEPPER**
                                         **United States District Judge**