UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHAWN MURPHY,

                Plaintiff,

v.                                          Case No. 16-cv-1462-pp

NICOLE KAMPHUIS, JAMES MUENCHOW,
CARLA HARTMAN, BRIAN FOSTER,
STEVEN SCHMIDT, KRISTINA DEBLANC, and
WISCONSIN DEPARTMENT OF CORRECTIONS,

                Defendants.

---

**ORDER DENYING AS IRRELEVANT PLAINTIFF'S MOTION TO ACCEPT EXHIBIT (DKT. NO. 110), DENYING PLAINTIFF'S MOTION TO AMEND JUDGMENT (DKT. NO. 111) AND GRANTING MOTION FOR STATUS OF CASE (DKT. NO. 115)**

---

On March 31, 2020, the court denied the plaintiff's motion for summary judgment, granted the defendants' motion for summary judgment and dismissed the case. Dkt. No. 108. The plaintiff has filed a motion to accept exhibit, dkt. no. 110, and a motion to amend judgment pursuant to Federal Rule of Civil Procedure 59(e), dkt. no. 111. He also recently asked the court for the status of these motions, saying that he "just want[s] to know where [he] stand[s]." Dkt. No. 115. This order tells the plaintiff where he stands—the court will deny as irrelevant the plaintiff's motion to accept exhibit and deny the plaintiff's motion to amend judgment.

"Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). Whether to

1

grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

The plaintiff's motion does not present any newly-discovered evidence. This means that, under Rule 59(e), he is entitled to relief only if he can demonstrate that the court's rulings constituted a manifest error of law. A "manifest error of law" "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.2d 601, 606 (7th Cir. 2000) (quoting Sedrak v. Callahan, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

In his motion to amend judgment, the plaintiff restates his arguments in opposition to the defendants' motion for summary judgment and in favor of his own summary judgment motion. Dkt. No. 111. The court's forty-page order explained its reasoning for granting the defendants' motion for summary judgment. Dkt. No. 108. The plaintiff's motion to amend judgment rehashes the arguments he made in opposition to the defense motion for summary judgment and in favor of his own. He reiterates factual disputes and disagrees with defense arguments. Nothing in his ten pages of argument demonstrates that the court made a manifest error of law. He disagrees with the defendants and with the court—that is his right. But disagreement does not constitute a manifest error of law.

The plaintiff's motion to accept exhibit asks the court to accept a document he includes with the motion, a letter from Waupun Correctional Institution Warden Brian Foster dated April 8, 2020 (*after* the court granted the defendants' motion for summary judgment). Dkt. No. 110. The letter summarizes Waupun's continued attempts to provide the plaintiff with

additional legal library time and some new technology that the Wisconsin Department of Corrections is in the process of implementing. Id. at 2. The letter does not constitute new evidence regarding the actions of the defendants that gave rise to the lawsuit—those actions occurred before and during 2018. The court will deny as irrelevant the plaintiff's motion to accept exhibit.

The court **DENIES AS IRRELEVANT** the plaintiff's motion to accept exhibit. Dkt. No. 110.

The court **DENIES** the plaintiff's motion to amend judgment. Dkt. No. 111.

The court **GRANTS** the plaintiff's motion for the status of the case. Dkt. No. 115. The status of the case is that it has been dismissed.

This is a final order, and the plaintiff has **thirty (30)** days from the date of the order to file a notice of appeal to the Seventh Circuit if he wants to appeal. The court encourages the plaintiff to review the information at pages 39-40 of the court's March 31, 2020 order if he needs more information about the appeals process.

Dated in Milwaukee, Wisconsin this 10th day of July, 2020.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

3

Case 2:16-cv-01462-PP   Filed 07/10/20   Page 3 of 3   Document 116