UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAWN MURPHY,

                 Plaintiff,

v.                                          Case No. 16-cv-1462-pp
                                          Appeal No. 20-2453

NICOLE KAMPHUIS, *et al.*,

                 Defendants.

**ORDER DENYING PLAINTIFF'S MOTION OBJECTING TO THE COURT'S ORDER (DKT. NO. 118) AND GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE APPEAL FEE (DKT. NO. 125)**

On March 31, 2020, the court issued an order dismissing this case. Dkt. No. 108. On July 10, 2020, the court denied the plaintiff's motion to accept an exhibit and denied his motion to amend the judgment. Dkt. No. 116. On August 3, 2020, the court received from the plaintiff a motion objecting to the court's order denying his motion to accept the exhibit. Dkt. No. 118. The next day, the court received his notice of appeal of the final judgment. Dkt. No. 119. The plaintiff has filed a motion for leave to proceed with his appeal without prepaying the appellate filing fee. Dkt. No. 125.

**I.    Motion Objecting to Court's Order (Dkt. No. 118)**

The plaintiff objects to the court's July 10, 2020, order denying as irrelevant his motion to accept exhibit. Dkt. No. 118. In that motion, the plaintiff asked the court to accept a letter from Waupun Correctional Institution Warden Brian Foster dated April 8, 2020, which summarized Waupun's continued attempts to provide the plaintiff with additional legal

1

library time and some new technology that the Wisconsin Department of Corrections was in the process of implementing. Dkt. No. 110 at 2. The court determined that the letter did not constitute new evidence because the defendants' actions giving rise to the plaintiff's lawsuit occurred before the April 8, 2020 letter. Dkt. No. 116 at 2-3.

In his objection, the plaintiff contends that the court should have considered his document because Warden Foster stated that the plaintiff was receiving an ADA accommodation. Dkt. No. 118 at 1. The plaintiff states that in granting the defendants' motion for summary judgment, the court found that the plaintiff was not a qualified individual under the ADA. Id. The plaintiff is incorrect. The court's summary judgment decision determined that there was a genuine issue of material fact as to whether the plaintiff had a disability under the ADA; it did not determine that the plaintiff was not a qualified individual under the ADA. Dkt. No. 108 at 31-32. The April 8, 2020 document has no bearing on what the defendants did before and during 2018. The court will deny the plaintiff's objection, but the April 8, 2020 letter (dkt. no. 110 at 2) will be included in the appeal record.

## II. Motion for Leave to Proceed Without Prepaying the Appeal Fee (Dkt. No. 125)

Under the Prison Litigation Reform Act, a prisoner must pay the applicable filing fees in full for a civil case. 28 U.S.C. §1915(b). If a prisoner does not have the money to pay the $505 filing fee in advance for an appeal, he can request the court for permission to proceed without prepaying it. For the court to consider such a request, the prisoner must complete a petition and

2

Case 2:16-cv-01462-PP   Filed 09/08/20   Page 2 of 6   Document 127

affidavit and return it to the court, along with a certified copy of his trust account statement showing transactions for the prior six months. 28 U.S.C. §1915(a)(2). The court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's prison account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. §1915(b)(1).

After the prisoner pays the initial fee, he must make monthly payments of twenty percent of the preceding month's income until he pays the filing fee in full. 28 U.S.C. §1915(b)(2). The agency that has custody of the prisoner will collect the money and send payments to the court.

There are three grounds for denying a prisoner appellant's request to proceed without prepaying the filing fee: the prisoner has not shown that he is indigent, the prisoner filed the appeal in bad faith or the prisoner has three strikes. See 28 U.S.C. §§1915(a)(2)-(3), (g). The court finds that the plaintiff has established that he is indigent and that he has not accrued three strikes. That leaves only the question of whether the plaintiff filed this appeal in good faith.

If a court allowed a party to proceed without prepaying the filing fee in the district court, that party may proceed without prepaying the filing fee on appeal without further authorization, unless the district court certifies that the appeal is not taken in good faith or determines that the party is otherwise not entitled to proceed without prepaying the fee. Fed. R. App. P. 24(a). See also Celske v. Edwards, 164 F.3d 396, 398 (7th Cir. 1999) (". . . a plaintiff who . . .

3

was allowed to proceed *in forma pauperis* in the district court retains his IFP status in the court of appeals unless there is a certification of bad faith.").

A district court should not apply an inappropriately high standard when making a good faith determination. Pate v. Stevens, 163 F.3d 437, 439 (7th Cir. 1998). An appeal taken in "good faith" is one that seeks review of any issue that is not frivolous, meaning that it involves "legal points arguable on their merits." Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting Anders v. California, 386 U.S. 738 (1967)); see also Coppedge v. United States, 369 U.S. 438, 445 (1962). On the other hand, an appeal taken in bad faith is one that is based on a frivolous claim, that is, a claim that no reasonable person could suppose has any merit. Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000).

The court does not find any indication that the plaintiff did not take this appeal in good faith. Therefore, the court will grant his motion to proceed on appeal without prepaying the filing fee.

The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his notice of appeal. A review of this information reveals that the plaintiff must pay an initial partial filing fee of $1.47, as well as additional payments under 28 U.S.C. §1915(b)(2). Newlin v. Helman, 123 F.3d 429, 434 (7th Cir. 1997), rev'd on other grounds by, Walker v. O'Brien, 216 F.3d 626 (7th Cir. 2000) and Lee v. Clinton, 209 F.3d 1025 (7th Cir. 2000).

4

The court **DENIES** the plaintiff's motion objecting to the court's order. Dkt. No. 118.

The court **GRANTS** the plaintiff's motion for leave to proceed on appeal without prepaying the filing fee. Dkt. No. 125.

The court **ORDERS** that by the end of the day on **October 8, 2020**, the plaintiff must forward to the Clerk of Court the sum of $1.47 as the initial partial filing fee for this appeal. If the clerk does not receive that amount by the deadline, the court of appeals may dismiss the appeal. The plaintiff must identify the payment by the case name and number.

The court will send a copy of this order to the officer in charge of the agency where the plaintiff is confined.

The court **ORDERS** that after the plaintiff has paid the initial partial filing fee, the agency that has custody of the plaintiff must collect from his institution trust account the **$503.53** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another institution—county, state or federal—the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will electronically provide a copy of this order to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, through the court's electronic case filing system.

Dated in Milwaukee, Wisconsin this 8th day of September, 2020.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**