UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAWN MURPHY,

                Plaintiff,

v.                                    Case No. 16-cv-1462-pp
                                      Appeal No. 20-2453

NICOLE KAMPHUIS, *et al.*,

                Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO FILE SUPPLEMENTAL PLEADING UNDER RULE 60(B) (DKT. NO. 129)**

On March 31, 2020, the court dismissed this case. Dkt. No. 108. On July 10, 2020, the court denied the plaintiff's Rule 59(e) motion to amend the judgment. Dkt. No. 116. The plaintiff filed a notice of appeal on August 3, 2020, dkt. no. 119, and the court subsequently granted his motion for leave to proceed with his appeal without prepaying the appellate filing fee, dkt. no. 127. The plaintiff since has filed a motion for leave to file a supplemental "pleading" under Federal Rule of Civil Procedure 60(b). Dkt. No. 129.

District courts generally lack jurisdiction over a case that is on appeal. Hughes v. Farris, 809 F.3d 330, 333 (7th Cir. 2015) (citing Ameritech Corp. v. Int'l Bhd. of Elec. Workers, Local 21, 543 F.3d 414, 418 (7th Cir. 2008)). But Rule 57 of the Circuit Rules of the United States Court of Appeals for the Seventh Circuit states that if, during the pendency of an appeal, a party files a motion under Fed. R. Civ. P. 60(a) or 60(b), Fed. R. Crim. P. 35(b), "or any other rule that permits the modification of a final judgment," that party

1

should ask the district court to indicate whether it is inclined to grant the motion. If the district court says it is so inclined, the Seventh Circuit will remand the case to the district court to modify the judgment. The Federal Rules of Civil Procedure provide that if a party timely files a motion for relief that the court lacks authority to grant because an appeal is pending, the district court may: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a).

The plaintiff states that the defendants have "impeded and frustrated my meaningful access to the law and access to the courts and I still do not have meaningful or equal access to legal materials to this day, no meaningful ADA accommodation." Dkt. No. 129 at 1. The plaintiff points to page 32, line 6 of the court's summary judgment order (dkt. no. 108) and states that the regular law library access he was provided was not "meaningful" because of his disabilities. Dkt. No. 129 at 1-2.

Fed. R. Civ. P. 60(b) allows a court to grant a party relief from a final judgment or order for several reasons, including mistake, newly discovered evidence, fraud, the judgment being void, the judgment being satisfied or "any other reason that justifies relief." The plaintiff has not identified any reason for the court to grant him relief under Rule 60(b). Rather, as he did in his motion to amend judgment under Rule 59(e) that the court denied on July 10, 2020, the plaintiff rehashes arguments he made in opposition to the defendants'

2

motion for summary judgment and in favor of his own summary judgment motion.

The court **DENIES** the plaintiff's motion to file supplemental pleading under Federal Rule of Civil Procedure 60(b). Dkt. No. 129.

Dated in Milwaukee, Wisconsin this 18th day of November, 2020.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**
