UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAWN MURPHY,

                Plaintiff,

v.                                                Case No. 16-cv-1462-pp
                                                Appeal No. 20-2453

NICOLE KAMPHUIS, *et al.*,

                Defendants.

---

**ORDER DENYING PLAINTIFF'S MOTION TO MODIFY PLEADING (DKT. NO. 131) AND DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (DKT. NO. 132)**

---

      On March 31, 2020, the court issued an order dismissing this case. Dkt. No. 108. On July 10, 2020, the court denied the plaintiff's Rule 59(e) motion to amend the judgment. Dkt. No. 116. The plaintiff filed a notice of appeal on August 3, 2020, dkt. no. 119, and the court subsequently granted his motion to proceed without prepaying the appellate filing fee, dkt. no. 127. On November 18, 2020, the court denied the plaintiff's motion for relief under Federal Rule of Civil Procedure 60(b). Dkt. No. 130. The plaintiff now has filed a motion to "modify, supplement, or strike a pleading" which he says he submits under Federal Rule of Civil Procedure 60(b), dkt. no. 131, and a motion for relief from judgment under Rule 60(b), dkt. no. 132.

      In the first motion, the plaintiff requests that the court reopen discovery so that he can have access to the "state's legal file for case # 2000-CF-156 (full file) held at Waupun Correctional Institution records office." Dkt No. 131 at 1. He says that that file contains documentation related to the 2013 revocation of his probation, including the decision of ALJ Mayumi M. Ishii. Id. at 2. (The

1

plaintiff says that ALJ Ishii's decision was dated September 6, *2020*, but in his second motion he references ALJ Ishii's September 6, *2013* decision. The plaintiff's probation was revoked on September 24, 2013.) The plaintiff contends that he suffered an injury as required to establish a denial of access to the courts claim because the judge who sentenced him on his probation revocation considered inaccurate information. Id. at 3.

In the second motion, the plaintiff contends that the court erred in granting the defendants' motion for summary judgment on his ADA and access to the courts claims. Dkt. No. 132. In his ten-page motion, the plaintiff reiterates his arguments in support of his claims, id. at 1-10, arguments that the court addressed in its March 31, 2020, forty-page decision granting the defendants' motion for summary judgment and denying the plaintiff's motion for summary judgment, dkt. no. 108.

District courts generally lack jurisdiction over a case on appeal. Hughes v. Farris, 809 F.3d 330, 333 (7th Cir. 2015) (citing Ameritech Corp. v. Int'l Bhd. of Elec. Workers, Local 21, 543 F.3d 414, 418 (7th Cir. 2008)). But the court retains limited authority to consider a timely filed motion. Circuit Rule 57 of the Circuit Rules of the United States Court of Appeals for the Seventh Circuit states that if, during the pendency of an appeal, a party files a motion under Fed. R. Civ. P. 60(a) or 60(b), Fed. R. Crim. P. 35(b) "or any other rule that permits the modification of a final judgment," that party should ask the district court to indicate whether it is inclined to grant the motion. If the district court says it is so inclined, the Seventh Circuit will remand the case to the district court to modify the judgment.

The Federal Rules of Civil Procedure provide that if a party timely files a motion for relief that the court lacks authority to grant because an appeal is

2

Case 2:16-cv-01462-PP    Filed 12/10/20    Page 2 of 3    Document 133

pending, the district court may: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a).

The plaintiff has not identified any reason for the court to grant him relief under Rule 60(b). Rather, as he did in his prior motion to amend judgment under Rule 59(e), which the court denied on July 10, 2020, and his prior motion for relief under Rule 60(b), which the court denied on November 18, 2020, the plaintiff rehashes arguments he made in opposition to the defendants' motion for summary judgment and in favor of his own summary judgment motion. The court will deny the plaintiff's motions.

The court **DENIES** the plaintiff's motion to modify pleading. Dkt. No. 131.

The court **DENIES** the plaintiff's motion for relief from judgment. Dkt. No. 132.

Dated at Milwaukee, Wisconsin this 10th day of December, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER
Chief United States District Judge**